UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA REXROAD, <br><br> Plaintiff, <br><br> v. <br><br> D. NEVIN, *et al.*, <br><br> Defendants. | Case No. 2:17cv-01629-JCM-NJK <br><br> ORDER |

Presently before the court is defendants Jennifer Nash and Joseph Faliszek's (collectively "defendants") motion to dismiss. (ECF No. 23). Plaintiff Joshua Rexroad filed a response (ECF No. 29), to which defendants replied (ECF No. 32).

Also before the court is plaintiff's motion to extend. (ECF No. 26). Defendants did not file a response and the time to do so has passed.

**I.  Facts**

This is a prisoner civil rights case pursuant to 28 U.S.C. § 1983. *See* (ECF Nos. 8, 9). Plaintiff, who is a prisoner in the custody of the Ely State Prison ("Ely"), proceeds *pro se* and *in forma pauperis*. *Id*.

Plaintiff alleges that on June 8, 2015, several members of the correctional emergency response team placed plaintiff in administrative segregation without access to his prayer rug and a copy of the Quran. (ECF No. 9). When plaintiff inquired into the reason for the administrative segregation, prison officials informed plaintiff that there was a pending investigation and that they did not know what the investigation was about. *Id*. However, plaintiff did receive a notice showing that he would have an administrative hearing. (ECF No. 29).

Seven months and twelve days later, on January 20, 2016, Ely released plaintiff from administrative segregation. (ECF No. 9). Plaintiff alleges that he never received an administrative hearing. *Id*.

On May 22, 2018, plaintiff initiated this action. (ECF No. 9). The court screened the complaint and allowed plaintiff to proceed on counts I, IV, and V. (ECF No. 10). In count IV, plaintiff alleges that defendants violated the Due Process Clause of the Fourteenth Amendment by placing plaintiff in administrative segregation and denying him a hearing or periodic review. (ECF No. 9).

Now, defendants move to dismiss count IV. (ECF No. 23).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of

misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

As a preliminary matter, the court will exercise leniency and grant plaintiff's motion to extend the deadline to file a response to defendants' motion to dismiss. Accordingly, the court will treat plaintiff's response (ECF No. 29) as having been timely filed.

Plaintiff asserts a procedural due process claim against defendants in both their individual and official capacities. (ECF No. 9). Defendants argue that the court should dismiss the individual capacity claim because qualified immunity protects defendants from liability. (ECF No. 23). Defendants also argue that the court should dismiss the official capacity claim because (1) § 1983 does not create monetary liability for state officials acting in their official capacity and (2) plaintiff does not have standing to request injunctive relief. *Id.* The court addresses each in turn.

### a. Qualified immunity

Qualified immunity insulates public officials "'from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is broad, protecting "'all but the plainly incompetent or those who knowingly violate the law.'" *Lee v. Gregory*, 363 F.3d 931,

3

934 (9th Cir. 2004) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Determining whether a defendant is entitled to qualified immunity in a § 1983 action entails a two-part, conjunctive analysis exercised in the order the court deems appropriate. First, a court must consider whether the defendant's actions violated a constitutional right. *Conn v. City of Reno*, 572 F.3d 1047, 1062 (9th Cir. 2009). In making this inquiry, the court views facts in the light most favorable to the party asserting the injury. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

Second, the court must determine whether the constitutional right was clearly established. *Conn*, 572 F.3d at 1062. A right is clearly established if "'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* at 1062 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). In making this inquiry, the court should consider "the specific context of the case" and not "broad general proposition[s]." *Saucier*, 533 U.S. at 201. It is the plaintiff's burden to show the constitutional right was clearly established. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

Here, plaintiff alleges that defendants violated his procedural due process rights by placing him in administrative segregation and refusing to provide him with an administrative hearing. (ECF No. 9). These allegations are sufficient to withstand defendants' Rule 12(b)(6) motion.

To state a claim for procedural due process, a plaintiff must allege: "(1) a liberty or property interest protected by the constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). A due process violation arises only when the segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Plaintiff alleges that he underwent atypical and significant hardship because he was

4

segregated for seven months and twelve days without a prayer rug and Quran. (ECF No. 9). Indeed, "placement in administrative segregation does not, standing alone, justify a complete denial of opportunities to practice religion." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008). As the complaint does not allege any reason for denying plaintiff an opportunity to practice his religion, plaintiff has plausibly pleaded that the government deprived him of a protected liberty interest.

The court also notes that plaintiff alleges, and defendants do not dispute, that plaintiff did not receive a hearing on why he was placed into administrative segregation and denied access to a prayer rug and Quran. (ECF Nos. 9, 23, 32). Thus, plaintiff has also sufficiently alleged lack of process. *See Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

As for the second part of the qualified immunity analysis, prisoners have a clearly established right to practice their religion while in administrative segregation. *See Pierce*, 526 F.3d at 1209; *see also Howard v. Connett*, No. 2:11-cv-1402-APG-GWF, 2014 WL 587400 at *14 (D. Nev. Feb. 14, 2014); *see also Alston v. DeBruyn*, 13 F.3d 1036, 1040 (7th Cir. 1994); *see also Mawhinney v. Henderson*, 542 F.2d 1, 3 (2d Cir. 1976).

In sum, the court will not dismiss plaintiff's claim against defendants in their individual capacities because plaintiff has plausibly pleaded that defendants violated a clearly established constitutional right.

*b. Remedies against defendants in their official capacities*

Plaintiff requests monetary damages against defendants in their official capacities pursuant to § 1983. (ECF No. 9). However, state officials sued in their official capacities cannot be liable for monetary damages because they are not "persons" under § 1983. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989).

Plaintiff also requests that the court issue an injunction requiring the "NDOC and its agents to exercise appropriate policies, practices, and customs as it regards due process provided under the Fourteenth Amendment of the United States Constitution." (ECF No. 9) (includes

grammatical alterations).  Defendants contend that, although § 1983 permits prospective injunctive relief against state officials sued in their official capacities, plaintiff does not have standing to request such relief.  (ECF No. 23).

Plaintiffs have standing to seek prospective injunctive relief when there is a credible threat that they will again be subject to the specific injury for which they seek injunctive relief.  *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985).  Here, plaintiff has made a general request to require the NDOC to exercise proper policies.  (ECF No. 9).  Such an "amorphous request for future blanket protection does not meet the 'credible threat' requirement." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).  In addition, the complaint does not contain any allegations of an ongoing threat that defendants will violate his due process rights.

In consideration of the foregoing, plaintiff has failed to state a plausible procedural due process claim against defendants in their official capacities.

### IV. Conclusion

The court will permit plaintiff to proceed on his procedural due process claim against defendants in their individual capacities.  The court will also dismiss with prejudice plaintiff's request for monetary damages against defendants in their official capacities and dismiss without prejudice plaintiff's request for prospective injunctive relief against defendants in their official capacities.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 23) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion to extend (ECF No. 26) be, and the same hereby is, GRANTED.

DATED THIS 16th day of April 2019.

JAMES C. MAHAN  
UNITED STATES DISTRICT JUDGE